IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–01667–KMT

RODOLFO RIVERA, JR.,

    Plaintiff,

v.

OFFICER JOHN GRANILLO/CSPD 3876,

    Defendant.

---

# ORDER

---

    This matter comes before the court on Plaintiff's "Motion Objecting to Order Granting in Part and Denying in Part Defendant's Motion to Dismiss" (Doc. No. 25, filed May 1, 2018).

    Plaintiff apparently seeks this court's reconsideration of its Order (*see* Doc. No. 24) dismissing Plaintiff's claims in part. "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) governs when the motion for reconsideration is filed within ten days of the judgment; Fed. R. Civ. P. 60(b) governs all other motions. *Id.* Plaintiff filed his Motion on May 1, 2018, seven days after the court's order on Defendant's Motion to Dismiss (Doc. No. 24). Therefore, the court will consider Plaintiff's request for review pursuant to Rule 59(e). *See id.*

There are three major grounds that justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion to alter or amend is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Plaintiff argues, citing the same case law he cited in his response to the Motion to Dismiss, that "[t]he exhibits show that the information on the arrest warrant was unreliable and that the victim had perjured herself by making a false police report, and a reasonable officer would not have accepted false evidence as truth." (Doc. No. 25 at 4.) However, Plaintiff does not argue that there has been an intervening change in the law, that new evidence has been made available, or that there is a need to correct clear error or to prevent injustice. Moreover, Plaintiff fails to demonstrate that the court misapprehended the facts, his position, or the controlling law. Accordingly, it is

**ORDERED** that Plaintiff's "Motion Objecting to Order Granting in Part and Denying in Part Defendant's Motion to Dismiss" (Doc. No. 25) is **DENIED**.

Dated this 7th day of May, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge